IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON EDWARD FLOWER,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY;<br>JANE DOE #1 (Blonde DHS Agent),<br><br>        Defendants. | Case No. 25-CV-00458-SEH-SH |

## OPINION AND ORDER

Plaintiff Aaron Edward Flower, appearing pro se, has filed a civil rights complaint [ECF No. 1] and a motion to proceed in forma pauperis [ECF No. 2]. Flower asserts jurisdiction pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). [ECF No. 1 at 4]. As discussed below, the Court finds Flower's motion to proceed in forma pauperis should be granted. As to his claims against Defendants U.S. Department of Homeland Security and Jane Doe #1 (Blonde DHS Agent) in her official capacity, the Court finds these claims should be dismissed without prejudice because they are barred by sovereign immunity. For his claims against Jane Doe #1 (Blonde DHS Agent), the Court orders Flower to file an amended complaint to cure the deficiencies described below by

September 25, 2025. If Flower does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be dismissed and without further notice.

I. **Background**

Flower alleges that he was arrested on January 27, 2025 by a Tulsa Police Department officer and detective.[1] [ECF No. 1 at 5]. He claims that while he was being booked into the David L. Moss Correctional Facility on an embezzlement charge, the officer moved him out of the booking area and into the front seat of an SUV parked in the facility's "sally port." [*Id*.]. "[A] young blonde" sat in the driver's seat and showed him her badge. [*Id*.]. She told him she was "with DHS and the [illegible]." [*Id*.]. Flower alleges that the DHS agent informed him that she was seizing his phone and began speaking with him about child pornography. [*Id*.]. Flower claims the agent's seizure of his cell phone was without a warrant or probable cause. [*Id*. at 11]. When Flower requested his attorney, the agent had him taken back inside. [*Id*. at 5]. Based on these interactions, Flower claims the Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights and directly caused loss of his "BTC

---

[1] Flower submits two forms at ECF No. 1 that are each captioned "Complaint." [ECF No. 1 at 1, 10]. Because Flower is a pro se plaintiff, the Court will construe his pleading liberally and consider all allegations contained in both forms as Flower's initial complaint.

job wages."[2] [*Id.* at 4, 6, 11]. In his request for relief, Flower asks for "$1,500,000 for phone account access lost wages and lost opportunity." [*Id.* at 6]. He further requests the "value of [his] phone or [the phone's] return." [*Id.* at 11].

## II. Discussion

### A. The Court grants Flower's motion to proceed in forma pauperis.

Based on representations in Flower's motion to proceed *in forma pauperis* [ECF No. 2], the Court grants his request to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Flower nonetheless remains obligated to pay the $350 filing fee in full when he is able to do so. *See Brown v. Eppler*, 725 F.3d 1221, 1231 (10th Cir. 2013) (noting that authorization to proceed *in forma pauperis* only excuses prepayment of the filing fee).

### B. Flower must amend his complaint against Jane Doe #1 (Blonde DHS Agent) in her individual capacity to avoid dismissal of his case.

---

[2] Flower seemingly misconstrues the scope of the Fourteenth Amendment. "The Due Process Clause of the Fifth Amendment applies only to action by the federal government while the Due Process Clause of the Fourteen Amendment applies to actions by state governments." *Koessel v. Sublette County Sherriff's Dep't*, 717 F.3d 736, 748 n. 2 (10th Cir. 2013). Here, the Court assumes Flower is bringing claims against a federal entity and a federal agent based on his representation that Defendant Jane Doe #1 is a "federal agent with U.S.D.H.S." [ECF No. 1 at 10]; thus, Flower fails to provide any facts supporting a Fourteenth Amendment claim. However, if Flower's intent is to sue an agent of a state entity with the acronym "DHS," he should clarify that intent in an amended complaint.

Because the Court has found Flower indigent and granted his request to proceed in forma pauperis, it must next consider whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). When a litigant proceeds in forma pauperis, § 1915(e)(2)(B) provides that "the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious; ... fails to state a claim on which relief may be granted; or ... seeks monetary relief against a defendant who is immune from such relief." In addition, because federal courts are courts of limited jurisdiction, the Court has an independent duty to determine whether Flower has alleged sufficient facts to establish subject-matter jurisdiction. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). In determining whether dismissal is appropriate, the Court must liberally construe Flower's pro se complaint and must accept as true his well-pleaded factual allegations. *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

The standard for dismissals under § 1915(e)(2)(B) for failing to state a claim on which relief may granted is the same as those brought by motion under Federal Rule of Civil Procedure 12(b)(6). *See Kay*, 500 F.3d at 1217–18. Thus, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1218.

But "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."

4

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Although the Court liberally construes a pro se litigant's pleadings, the Court may not serve as Plaintiff's advocate or supply factual allegations to support his claims. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In deciding whether to dismiss the complaint, in whole or in part, the Court considers whether the plaintiff should be given an opportunity to amend the complaint. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). A reasonable opportunity should be given to pro se plaintiffs to remedy defects in their pleadings. *Id*. And the Court should grant an opportunity to amend unless amendment would be futile. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

1. *The Court has subject matter jurisdiction over Flower's claims.*

The Court has subject-matter jurisdiction over Flower's claims, under 28 U.S.C. § 1331. Nevertheless, the Court finds that Flower must amend his complaint to avoid dismissal for failing to state a claim upon which relief may be granted.

2. *The Court will not extend Bivens to the context of Flower's claims.*

In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). However, "[b]ecause implied causes of action are disfavored, the Court has been reluctant to extend *Bivens* liability 'to any new context or new category of defendants.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (quoting *Malesko*, 534 U.S. at 68). The Supreme Court has recognized only three contexts for *Bivens* claims:

- Fourth Amendment violations where police enter a private citizen's home without a warrant or probable cause, arrest the citizen, search the home, and "manacle[] [the citizen] in front of his wife and children and threaten[] to arrest the entire family," constituting unreasonable force, *Bivens*, 403 U.S. at 397;

- Fifth Amendment equal protection violations where a deputy administrative assistant for a member of congress is discriminated against by a congressman based on gender, *Davis v. Passman*, 442 U.S. 228 (1979); and

- Eighth Amendment violations of the Cruel and Unusual Punishment Clause where a federal prisoner dies from incompetent and inadequate medical care and a deliberate indifference to the prisoner's serious medical needs, *Carlson v. Green*, 446 U.S. 14 (1980).

"When asked to extend *Bivens*, [courts] engage in a two-step inquiry." *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). First, a court must determine if the claim "arises in a 'new context.'" *Id.* (quoting *Malesko*, 534 U.S. at 68). "A claim may arise in a new [*Bivens*] context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was

6

previously recognized." *Id.* at 103. When determining whether "a case presents a new *Bivens* context," courts consider whether it

> might differ in a meaningful [enough] way [to make a given context a new one] because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Ziglar v. Abbasi*, 582 U.S. 120, 139–40 (2017). Second, if a claim arises in a new context, a court must consider "if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Id.* at 121 (quoting *Carlson*, 446 U.S. at 18). With any special-factors analysis, a court considers "who should decide whether to provide for a damages remedy, Congress or the courts?" *Id.* at 135 (internal quotation marks omitted).

Recently, in *Egbert v. Boule*, the Supreme Court calibrated the two-step *Bivens* inquiry by stating "those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.*, 596 U.S. 482, 492 (2022). "And the circumstances in which the answer to the question is 'no' appears to comprise a null set." *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352 (10th Cir. 2024) (citing *Egbert*, 596 U.S. at 503 (Gorsuch, J., concurring)). Further, under the

Court's precedents, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure." *Egbert*, 596 U.S. at 493 (internal quotation marks and citations omitted). After *Egbert*, there is "no doubt that expanding *Bivens* is not just a disfavored judicial activity, it is an action that is impermissible in virtually all circumstances." *Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (internal quotation marks and citation omitted).

Flower's case presents a new *Biven*'s context because there are meaningful differences between the facts in *Bivens* and the facts Flower alleges. Flower states that the nature of his case is an "illegal phone seizure," [ECF No. 1 at 10]; thus, the only possible comparison is to *Bivens* itself. The plaintiff in *Bivens* claimed that he was arrested in his home without a warrant and with excessive force. *Bivens*, 403 U.S. at 389. Unlike the allegations in *Bivens*, Flower's claims do not involve a warrantless arrest or the use of excessive force. Rather, Flower alleges that a "DHS" agent informed him that she was seizing his phone after he had been arrested on a charge of embezzlement. [ECF No. 1 at 5]. He claims that the agent seized his phone without a warrant or probable cause, and the "unlawful seizure directly caused loss of [his] BTC job wages." [*Id.* at 11]. However, he does not challenge the validity of his arrest, state whether his phone was seized incident to his arrest or explain whether it was subject to search and seizure under any warrant. Nor

8

does he state whether the agent searched any data on his phone. Although *Bivens* involved the Fourth Amendment, this does not mean Flower's claims arise in the same context such that his case can move forward. *Rowland v. Matevousian*, 121 F.4th 1237, 1243 (10th Cir. 2024) (citing *Hernandez*, 589 U.S. at 102). "[S]ignificant parallels to one of the [Supreme] Court's previous *Bivens* cases may not be enough to show that a case arises in the same context," and "[s]mall differences can easily satisfy the new-context inquiry." *Id.* (internal quotation marks, brackets, and citation omitted). Thus, the allegations in Flower's complaint are meaningfully different than the facts in *Bivens* and therefore present "a new *Bivens* context."

    The second step of the *Bivens* inquiry dooms Flower's case. The Court must ask "whether there is *any* rational reason (even one) to think that *Congress* is better suited to weigh the costs and benefits of allowing a damages action to proceed." *Egbert*, 596 U.S. at 496 (citation and internal quotation marks omitted) (emphasis in original). Here, Congress is better suited than the Court to do this in the context of Flower's claims because investigations by the United States Department of Homeland Security and its agents impact national security. And the Constitution's "separation of legislative and judicial power" makes the Judiciary's authority to "evaluate a range of policy considerations … at least as broad as the range … a legislature would consider … at best, uncertain." *Id.* at 491 (internal

9

quotation marks and citations omitted). Courts are not well suited to "predict the systemwide consequences of recognizing a cause of action under *Bivens*." *Id.* at 493 (citation and internal quotation marks omitted). "That uncertainty alone is a special factor that forecloses relief." *Id.* So, if "the only question is whether a court is 'better equipped' than Congress to weigh the value of a new cause of action, surely the right answer will always be no." *Id.* at 504 (Gorsuch, J., concurring). "At bottom, creating a cause of action is a legislative endeavor." *Id.* at 491. Flower's case is no exception, and his *Bivens* claims fail on that independent basis.

   3. *Sovereign Immunity bars Flower's claims against a federal agency and an individual federal defendant in her official capacity.*

Flower's claims for damages against the United States Department of Homeland Security should be summarily dismissed. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 483–86 (1994) (*Bivens* action may not be brought against federal agencies because such actions are barred by sovereign immunity). Likewise, Flower's claims for damages against the individual federal defendant sued in her official capacity should be summarily dismissed from the complaint.[3] *See Farmer v. Perrill*, 275 F.3d

---

[3] Flower's complaint fails to indicate whether he is suing the agent in her official or individual capacity. Because he seeks damages and not injunctive relief, it is reasonable to assume Flower brings a claim against the federal agent only individually. *Kabutu v. Short*, Nos. 21-3229, 21-3230, 2022 WL 3010620, at *4 (July 29, 2022) ("plaintiffs may sue individual-capacity defendants only for money

958, 963 (10th Cir. 2001) ("There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity."). A suit against a federal official in their official capacity is construed as an action against the United States. *Id.* However, a claim for damages against the United States is barred by sovereign immunity unless such immunity has been waived. *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). Therefore, *Bivens* claims may be "brought only against federal officials in their individual capacities." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). They "cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Id.* (internal citations omitted). Flower has not identified any waiver of sovereign immunity, and the Court is aware of none. Therefore, his claims against the United States Department of Homeland Security and the individual federal defendant sued in her official capacity are barred by sovereign immunity and should be dismissed.

   4. *Flower is given an opportunity to submit an amended complaint to add factual allegations in support of his claim against Jane Doe #1 (Blonde DHS Agent) in her individual capacity.*

As pleaded, Flower's claims fail to satisfy the plausibility standard. To state a plausible claim under *Bivens*, "a plaintiff must plead that each

---

damages and official-capacity defendants only for injunctive relief."). Regardless, the Court will construe Flower's claims against the agent in both capacities.

Government-official defendant, through the official's own individual actions, has violated the Constitution" or has violated the plaintiff's rights as protected under federal law. *Iqbal*, 556 U.S. at 676; *Smith*, 561 F.3d at 1103–05.

Here, accepting Flower's allegations against the individual federal defendant as true, he alleges only that she informed him that she was seizing his phone and that her seizure was without probable cause or a warrant. Upon invocation of his right to counsel, Flower was escorted away from the agent. These facts fail to describe any acts or omissions of the federal defendant that violated Flower's constitutional rights or any other federal law. Thus, the complaint fails to allege any plausible *Bivens* claims against the individual federal defendant.

Flower does not assert that he had a right to possess his cell phone while he was in custody. *See Osaki v. San Bernardino Cty. Sheriff Dep't*, No. 5:21-cv-00567-FMO-SHK2023, WL 4291851, at *8 (C.D. Cal. May 26, 2023) ("Plaintiff, an inmate housed at WVDC, has failed to plead facts suggesting that he has the right to possess the items he alleges Defendants improperly seized—namely, phones, tablets, and keys—while he is incarcerated."); *Williams v. Price*, No. 1:18–cv–00102–LJO–MJS (PC), 2018 WL 1184919, at *9 (E.D. Cal. Mar. 7, 2018) ("To have a property interest, Plaintiff must demonstrate more than an abstract need or desire for it. ... He must, instead,

have a legitimate claim of entitlement to it under state or federal law."). And it is consistent with the Fourth Amendment and entirely proper for "police, at the station house, to remove and inventory property found on or in the possession of an arrested person who is to be jailed." *Illinois v. Lafayette*, 462 U.S. 640, 646–47 (1983); *see also United States v. Parada*, 289 F. Supp. 2d 1291, 1303 (D. Kan. Nov. 4, 2003) ("Because the cell phone was seized incident to the arrest of the defendants, it is properly within the scope of an inventory search. The separate question is whether it was permissible for officers to note the numbers of incoming phone calls stored in the cell phone memory.").

In *United States v. Bradley*, a district court addressed the reasonableness of a 12-day delay in seeking a warrant for cell phones seized incident to a defendant's arrest. No. 18-03073-03-CR-S-BP, 2021 WL 2912099, at *1 (W.D. Mo. July 12, 2021). The defendant did not contest "the legality of the arrest, the search, or the initial seizure of the phones." *Id*. The phones were logged as evidence and not returned to the defendant upon his release from custody. *Id*. Twelve days later, the arresting officer applied for and obtained a warrant to search the cell phones. *Id*. The validity of the warrant was not at issue; rather, the defendant challenged the continued retention of his cell phones following his release. *Id*. The court found that the defendant did not ask for the phones to be returned, which undermined his interest in possessing them

13

after he was released from custody. *Id.* at *2–3. The court further found "the legitimate investigative needs justified the delay between the cellphones' (lawful) seizure and the request for a warrant." *Id.* at *3.

Here, Flower has failed to provide any factual support as to whether his phone was seized incident to his arrest, when it was actually seized and by whom, whether a search warrant was ultimately obtained, or whether his phone was returned to him when he was released from custody. It is also unclear from Flower's complaint whether the federal agent obtained possession of his phone before or after she told him she was seizing it, or whether his phone was placed with his other possessions upon booking and held with his property.

### III.  Conclusion

The Court will provide Flower an opportunity to submit an amended complaint.

If Flower does not file an amended complaint within the prescribed time that cures all the deficiencies discussed above, this action will be dismissed in its entirety without further notice.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE, but Plaintiff is granted until **September 30, 2025** to file an amended complaint.

DATED this 9th day of September, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE