## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

AARON EDWARD FLOWER,

      **Plaintiff,**

v.

      **Case No. 25-CV-00458-SEH-SH**

UNKNOWN MEMBER TULSA
POLICE DEPARTMENT SPIDER
UNIT / U.S. DEPARTMENT OF
HOMELAND SECURITY AGENT,

      **Defendant.**

## OPINION AND ORDER

Before the Court is Defendant Unknown Member Tulsa Police Department Spider Unit / U.S. Department of Homeland Security Agent's motion to dismiss. [ECF No. 20]. Under Fed. R. Civ. P. 4(e), 4(m), and 12(b)(5), Defendant seeks dismissal of Plaintiff Aaron Edward Flower's amended complaint, with prejudice, for insufficient service of process. [*Id*.]. For the reasons set out below, the motion is granted in part and denied in part.

### I. Background

Flower, appearing *pro se*, originally brought this civil rights lawsuit against the U.S. Department of Homeland Security and Jane Doe #1 (Blonde DHS Agent) in August 2025. [ECF No. 1]. The Court dismissed his claims

without prejudice but permitted him to file an amended complaint. [ECF No. 5]. Flower filed an amended complaint on September 24, 2025 against Unknown Member of Tulsa Police Department Spider Unit / U.S. Department of Homeland Security Agent (previously named as Jane Doe #1) and Scott J. Murphy badge #1832. [ECF No. 6].

After Flower moved for service by the U.S. Marshals Service, the Court directed him to submit forms and appointed the Marshals Service to serve each defendant with a summons and a copy of the amended complaint. [ECF Nos. 8, 9]. The Court specifically advised Flower that "as the plaintiff in this action, he is responsible for providing a complete and accurate physical or mailing address for each defendant so that the United States Marshals Service can serve each defendant." [ECF No. 9 at 2]. Flower voluntarily dismissed all claims against Defendant Scott J. Murphy on February 9, 2025, without prejudice. [ECF No. 11].

Flower then moved for an order directing the Marshals Service to "identify and serve" the remaining defendant. [ECF No. 12]. The Court denied his motion and reminded him that "prosecution of this lawsuit, including service on the unknown defendant, is ultimately [his] responsibility." [ECF No. 13 at 4]. The Court explained that Flower had available resources that could lead him to the identity of the remaining defendant and extended the service deadline to April 15, 2026. [*Id*. at 4–6].

On March 31, 2026, Flower moved for leave to file "a third amended complaint." [ECF No. 16]. Although he had not yet filed a second amended complaint, the Court granted his request and directed the Clerk's Office to send Flower an amended summons and service of process form. [ECF No. 17]. Flower did not subsequently file another amended complaint.

A summons issued on April 8, 2026, directing service of the amended complaint at "175 E. 2nd Street, Tulsa 74103." [ECF No. 18]. A return was filed on April 15, 2026, showing Flower had directed service to the "City Clerk City of Tulsa" at "175 E. 2nd Street 74103." [ECF No. 19]. The return showed a handwritten note stating that the "city clerk took process, unable to sign." [*Id*.].

Defendant now moves to dismiss the amended complaint with prejudice. [ECF No. 20]. In response, Flower states that he "has used all available resources to identify the unknown agent" and requests leave to proceed against Defendant as "Doe" until such time he discovers Defendant's identity. [ECF No. 22]. He further contends that service was proper upon Defendant by serving the City Clerk, and Defendant has actual notice of the pending suit. [ECF No. 23]. Last, Flower requests another extension of time for him to perfect service, if the Court determines his service on the City Clerk was insufficient. [*Id*. at 2].

## II. Analysis

The Court cannot exercise personal jurisdiction over a defendant that has not been properly served with the complaint and summons. *Harvey v. Filart*, No. 19-CV-00260-TCK-CDL, 2021 WL 4616088, at *2 (N.D. Okla. Oct. 6, 2021). Because service of process implicates personal jurisdiction, it is a "prerequisite to proceeding further in a case." *Id.* (citation and quotation marks omitted). "[P]laintiff bears the burden of proving that service was properly made." *Dunagan v. Lehnus*, No. 20-CV-0393-CVE-JFJ, 2021 WL 1234522, at *2 (N.D. Okla. Apr. 1, 2021); *see also* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").

A plaintiff must do so by making a "prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants." *Dunagan*, 2021 WL 1234522, at *2. (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)). He may establish proper service of process by submitting "affidavits and other documentary evidence for the court's consideration, and plaintiff is entitled to the benefit of any factual doubt." *Harvey*, 2021 WL 4616088, at *2 (citation and quotation marks omitted).

Fed. R. Civ. P. 4(e) provides methods for serving an individual within the Northern District of Oklahoma:

4

(e) **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, Flower has not made effective service on the defendant. The record reflects that the summons and complaint were served on a "City Clerk." [ECF No. 19]. He is simply incorrect that the "City clerk is the proper agent for service under Oklahoma law." [ECF No. 22 at 2]. In Oklahoma, service upon an individual by personal delivery shall be made by:

delivering a copy of the summons and of the petition personally or by leaving copies thereof at the person's dwelling house or usual place of abode with some person then residing therein who is fifteen (15) years of age or older, by delivering a copy of the summons and of the petition to an agent authorized by appointment or by law to receive service of process, or by delivering a copy of the summons and of the petition personally or by leaving copies thereof at an agreed meeting place with some

5

> person then residing at the person's dwelling house or usual
> place of abode …

12 O.S. § 2004(C)(1)(c)(1).

To the extent Flower asserts that the City Clerk is an authorized agent for Defendant, authorization by appointment "requires an agent to be expressly appointed to receive service; a general agency relationship is insufficient." *Washington v. City of Oklahoma City*, No. CIV-20-266-D, 2021 WL 798384, at *3 (W.D. Okla. March 2, 2021). And authorization by law exists only where there is a legislative enactment allowing such service of process. *Id*. There is no indication that the City Clerk is authorized by appointment or by law to accept service of process on behalf of Defendant.

Flower may be confused by language in Oklahoma's service statute that shows service upon a "municipal corporation" may be made by delivering process "upon the chief executive officer or a clerk, secretary or other official whose duty it is to maintain the official records of the organization." *Id*. at § 2004(C)(1)(c)(5). He also cites Fed. R. Civ. P. 4(j)(2) in arguing that he obtained service. [ECF No. 23 at 2]. Under Rule 4(j)(2), a local government may be served by delivering a copy of the summons and complaint "to its chief executive officer." However, Flower is not suing the City of Tulsa. He names an "unknown" individual as the defendant in this action. Therefore, he must obtain service on that individual. The record fails to reflect that he has.

"[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983). But a court "retains broad discretion to dismiss the action if it appears unlikely that proper service can or will be instituted." *Id*. Here, Flower has been given ample opportunity to discover the defendant's identity and to obtain service. Because he has failed to do so, dismissal is appropriate. *See El C Logan v. Oklahoma City Police Dep't*, No. CIV-22-1083-F, 2023 WL 2995905, at *3 (W.D. Okla. Apr. 18, 2023) (dismissing complaint after plaintiff twice served court liaison for the police department instead of individual defendants); *see also Krueger v. Doe*, No. 98–6144, 1998 WL 717286, at *2–3 (10th Cir. Oct. 14, 1998) (affirming dismissal of claims for failure to timely serve process where court and defendants had provided *pro se* plaintiff with "substantial assistance" in identifying defendants but plaintiff failed for many months to locate or identify defendants).

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--<u>must dismiss the action</u> without prejudice against that defendant or order that service be made within a specified time." (emphasis added). The Court granted Flower a permissive extension of this deadline to April 15, 2026. [ECF No. 13]. Although Flower requests another permissive

7

extension of time to serve the defendant, the Court finds no justification for doing so in the record.

Absent proper service, the Court lacks personal jurisdiction over the individual defendant. *Price v. Cochran*, 66 F. App'x 781, 786 (10th Cir. 2003). To the extent Flower argues the defendant has actual notice of the suit, "actual notice cannot by itself be sufficient to establish in personam jurisdiction, otherwise there would be no provision for challenging the mode of delivery or the lack of delivery of the summons and petition under the Oklahoma statute governing service of process." *Harvey*, 2021 WL 4616088, at *3 (quotation and internal brackets omitted). Therefore, the Court finds the amended complaint should be dismissed. Because Flower could potentially discover the defendant's identity and refile his claim, the Court denies Defendant's motion as to its request for dismissal with prejudice.

## III. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 20] is GRANTED in part and DENIED in part. This action is DISMISSED WITHOUT PREJUDICE. A separate judgment will enter.

DATED this 5th day of June, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE

8